NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLMAN RODOLFO PEREZ LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72859 <br><br> Agency No. A208-411-847 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
Honolulu, Hawaii

Before: BEA, COLLINS, and LEE, Circuit Judges.

Olman Rodolfo Perez Lopez, a native and citizen of Honduras, seeks review

of the Board of Immigration Appeals's (BIA) dismissal of his appeal of an

Immigration Judge's (IJ) denial of his motion to terminate removal proceedings and

of his applications for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part.

1. The BIA properly upheld the IJ's denial of Perez Lopez's motion to terminate the removal proceedings. Although the Notice to Appear that initiated the removal proceedings against him did not include the date or time of the initial removal hearing, it still vested the IJ with jurisdiction over the proceedings. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

2. We do not have jurisdiction to review the BIA's determination that no extraordinary circumstances excused Perez Lopez's delay in filing his asylum application past the one-year deadline. *See* 8 U.S.C. § 1158(a)(2). Our review of an extraordinary-circumstances determination is limited to "constitutional claims and questions of law," 8 U.S.C. § 1252(a)(2)(D), so we cannot review such a determination when it rests on the resolution of a disputed factual question, *Gasparyan v. Holder*, 707 F.3d 1130, 1133–34 (9th Cir. 2013). Here, whether Perez Lopez's mental disabilities were severe enough to prevent him from timely filing an asylum application is a disputed factual question. *See Alquijay v. Garland*, 40 F.4th 1099, 1104 n.8 (9th Cir. 2022).

3. The BIA did not err in concluding that Perez Lopez is ineligible for withholding of removal because he does not face persecution on account of a protected ground. Substantial evidence supports the conclusion that the gang

2

members who harmed Perez Lopez targeted him in a continued attempt to recruit him because of his perceived value to the gang, not to punish him for his political opinions or for his history of resistance to gang recruitment. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4.  The BIA did not err in affirming the IJ's determination that Perez Lopez is ineligible for protection under CAT. Substantial evidence supports the conclusion that Perez Lopez does not face a likelihood of torture in Honduras. The IJ properly concluded that the past attacks against Perez Lopez did not rise to the level of torture. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022). And although the record contains other "generalized evidence of violence and crime," this evidence does not compel the conclusion that Perez Lopez himself is more likely than not to be tortured in Honduras. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DISMISSED IN PART, DENIED IN PART.**